**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CUNWU JIANG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-73005

Agency No. A088-289-067

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Cunwu Jiang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Even if Jiang's asylum claim were timely, substantial evidence supports the agency's adverse credibility determination based on omissions from Jiang's and his wife's statements as to the circumstances of the family planning officials' 2006 visit when they took Jiang's wife to undergo an abortion. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (upholding adverse credibility determination based in part on omissions which "went to the core of [the petitioner's] fear of political persecution"). We lack jurisdiction to consider Jiang's unexhausted explanation for these omissions. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In the absence of credible testimony, Jiang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The 90-day stay of proceedings granted on September 25, 2015, has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-73005